**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

TRINA STANFORD,                    :   Civil Action No. 09-869 (NLH-KW)
                                   :
                                   :
          Plaintiff,               :
                                   :
     v.                            :
                                   :
CHARLES HAYWARD, et al.,           :
                                   :
          Defendants.              :   **O P I N I O N**
                                   :

**APPEARANCES**:

          TRINA STANFORD, Plaintiff <u>pro</u> <u>se</u>
          202 Sandburg Place
          Newark, Delaware  19702

**HILLMAN**, District Judge

     Plaintiff Trina Sanford ("Stanford"), who proceeds <u>pro</u> <u>se</u>,

filed this Complaint alleging employment discrimination based

upon race.

     At this time, the Court will review the Complaint pursuant

to 28 U.S.C. § 1915(e)(2) to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim

upon which relief may be granted, or because it seeks monetary

relief from a defendant who is immune from such relief.  For the

reasons set forth below, the Court will dismiss the Complaint

pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff will be given

leave to amend her Title VII claims.

I.   **Standard of Review**

This Court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Because Stanford proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke v. Williams, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R.

2

Civ. P. 12(b)(6) standard to dismissal for failure to state a
claim under § 1915(e)(2)(B)).  However, before dismissing a
complaint or claims for failure to state a claim upon which
relief may be granted pursuant to the screening provisions of 28
U.S.C. § 1915, the Court must grant Stanford leave to amend her
Complaint unless amendment would be inequitable or futile.  See
Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3rd Cir.
2002).

A well-pleaded complaint must contain more than mere labels
and conclusions.  See Ashcroft v. Iqbal, -U.S.-, 129 S.Ct. 1937
(2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).
When determining whether dismissal is appropriate, the Court
conducts a two-part analysis.  Fowler v. UPMC Shadyside, 578 F.3d
203, 210 (3d Cir. 2009).  First, the factual and legal elements
of a claim are separated.  Id.  The Court must accept all of the
Complaint's well-pleaded facts as true, but may disregard any
legal conclusions.  Id. at 210-11.  Second, the Court must
determine whether the facts alleged in the Complaint are
sufficient to show that Stanford has a "plausible claim for
relief."  Id. at 211; see also Iqbal, 129 S.Ct. at 1949; Twombly,
550 U.S. at 570.  In other words, the Complaint must do more than
allege Stanford's entitlement to relief; rather it must "show"
such an entitlement with its facts.  Id.  A claim is facially
plausible when its factual content allows the Court to draw a

reasonable inference that the defendant is liable for the misconduct alleged. <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u> The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." <u>Id.</u> "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." <u>Id.</u> (quoting Fed. R. Civ. P. 8(a)(2)).

II.  **<u>Plaintiff's Allegations</u>**

Stanford was employed by the Delaware Health and Social Services Division of Child Support Enforcement ("DCSE") as an Accounting Specialist. (D.I. 2, ex.) Between January 4, 2007 and February 6, 2009, Stanford had five performance reviews that, apparently, rated her with poor performance. On February 6, 2009, Stanford received an unsatisfactory performance review, and on August 27, 2009, she was advised of a recommendation for her dismissal. (<u>Id.</u>) A pre-termination meeting was held on September 23, 2009. (<u>Id.</u>) Stanford was terminated effective

October 5, 2009.  (<u>Id.</u>)  She had been employed with the DCSE for

thirteen years.  (D.I. 2, Statement of Claim.)  Some time after

September 30, 2009, Stanford filed a Charge of Discrimination

with the Delaware Department of Labor ("DDOL").  (D.I. 2, ex.)

III.  **<u>Discussion</u>**

A.  <u>Pleading Deficiency</u>

The Complaint asserts claims under a number of theories,

most of which are inapplicable to the facts as alleged and

frivolous and do not meet the pleading requirements of <u>Iqbal</u> and

<u>Twombly</u>.  The Complaint, however, references race discrimination,

adverse employment actions, and the Civil Cover Sheet references

Title VII.  Accordingly, the Court liberally construes the

Complaint as alleging employment discrimination on the basis of

race pursuant to 42 U.S.C. § 2000e <u>et</u> <u>seq</u>.  All other claims will

be dismissed as frivolous pursuant to 42 U.S.C. §

1915(e)(2)(B)(i).

B.  <u>Title VII</u>

1.  <u>Defendants</u>

The Complaint names individual defendants.  Title VII

claims, however, may not be brought against individual

defendants.  <u>See</u> <u>Dici v. Commonwealth of Pa.</u>, 91 F.3d 542, 552

(3d Cir. 1996); <u>Sheridan v. E.I. DuPont de Nemours and Co.</u>, 100

F.3d 1061, 1077 (3d Cir. 1996).  Hence, the Title VII claims

against the individually named defendants fail as a matter of

law, and they will be dismissed as Defendants.

    2.  Exhaustion of administrative remedies

    A Title VII claim or its state equivalent, see 19 Del. C. §§
710-718, requires a plaintiff to exhaust certain administrative
remedies before a suit may be filed.  Churchill v. Star Enters.,
Inc., 183 F.3d 184, 190 (3d Cir. 1999).  A plaintiff is required
to file a complaint with either the Equal Opportunity Employment
Commission ("EEOC") or the equivalent state agency responsible
for investigating claims of employment discrimination, in this
case the DDOL.  42 U.S.C. § 2000e-5.  If the EEOC or the DDOL
decides not to pursue the claims and issues a right-to-sue
letter, only then may Stanford file suit.  42 U.S.C. § 2000e-
5(f)(1).

    A DDOL right-to-sue notice entitles a plaintiff to right to
file a timely civil action in Delaware Superior Court pursuant to
19 Del. C. § 714(a).  Despite the receipt of a DDOL right-to-sue
notice, a plaintiff seeking relief in federal court must subject
her claim to the EEOC administrative process.  See 42 U.S.C. §
2000e-5.  The receipt of a federal right-to-sue letter indicates
that a complainant has exhausted administrative remedies which is
an "essential element for bringing a claim in [federal] court
under Title VII."  See Anjelino v. New York Times, 200 F.3d 73,
93 (3d Cir. 1999); see also Burgh v. Borough Council of Borough
of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).

6

Here, Stanford filed a charge of discrimination with the DDOL on an unknown date.  The Complaint does not indicate when the charges were filed or whether Stanford received a right-to-sue notice, but a letter from the DDOL indicates that the charge of discrimination was filed at some time prior to September 30, 2009.  Stanford filed her Complaint on November 16, 2009.

It is also unknown if the DDOL "dual filed" the charge with the EEOC or if Stanford received a right-to-sue notice from the DDOL or a right-to-sue letter from the EEOC.  See 42 U.S.C. §§ 2000e, et seq.  Indeed, the pleadings and exhibits before the Court do not indicate if Stanford has exhausted her administrative remedies.

Because the Complaint raises claims against individual defendants, does not assert the exhaustion of administrative remedies before the DDOL or the EEOC, or contain a right-to-sue letter or notice, the Court will dismiss the Title VII claims without prejudice with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B).  Accordingly, if Plaintiff wishes to pursue her Title VII claims, she shall amend her Complaint to set forth more fully whether she exhausted her administrative remedies and to name an appropriate defendant.  Specifically, Plaintiff shall file an Amended Complaint detailing her DDOL and EEOC charges of discrimination and attach thereto a full and complete copy of the DDOL and EEOC right-to-sue letter and name a proper defendant.

IV.   **Conclusion**

For the reasons set forth above, the Title VII claims must be dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).  All defendants and the remaining claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Stanford will be given leave to amend the Complaint as outlined in the body of this Opinion.

An appropriate Order accompanies this Opinion.

 /S/ NOEL L. HILLMAN
**NOEL L. HILLMAN**
**United States District Judge**

Dated: January 15, 2010
At Camden, New Jersey

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| TRINA STANFORD, | : Civil Action No. 09-869 (NLH-KW) |
| | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| CHARLES HAYWARD, et al., | : |
| | : |
| Defendants. | : **O R D E R** |
| | : |

For the reasons stated in the Opinion filed herewith,

**IT IS** this 15th day of January, 2010,

**ORDERED** that Defendants Charles Hayward, Midge Holland, Mark Monroe, Kim Ritter, Dan Minnick, Hope LaChance, and Kelli Stepler, are **DISMISSED** with prejudice as the claims against them are frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff's Title VII claims are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is given leave to **AMEND** the Complaint to detail her DDOL and EEOC charge and to attach a full and complete copy of the DDOL right-to-sue notice and the EEOC right-to-sue letter, and to name a proper defendant; and it is further

**ORDERED** all remaining claims are **DISMISSED** with prejudice as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B); and it is finally

**ORDERED** that the case will be **closed** if Plaintiff fails to

amend the Complaint within **THIRTY (30) DAYS** from the date of this

Order.


                               /S/ NOEL L. HILLMAN

At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.

2